UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRUCE S., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:19-CV-259-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Bruce S., pro se, seeks judicial review of the Social Security Commissioner's decision denying his claim for disability insurance benefits. Plaintiff filed a Memorandum in Support of Re-Opening Claimant's Application for Social Security Disability Benefits Filed July 26, 2004 [DE 19] on June 17, 2020.[1] The Commissioner filed a response on July 29, 2020, and Plaintiff filed a reply on January 22, 2021. For the reasons below, the Court denies the relief requested in Plaintiff's Memorandum and affirms the final decision of the Commissioner.

**PROCEDURAL BACKGROUND**

In his March 17, 2015 application for disability insurance benefits, Plaintiff alleged that he became disabled on January 1, 2003.[2] A hearing was held on March 22, 2017, after which Administrative Law Judge (ALJ) Ramona Scales issued a decision on May 31, 2017, finding that Plaintiff did not meet the insured status requirements of the Social Security Act on January 1, 2003. Based on this finding, the ALJ denied Plaintiff's application for benefits. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's

---

[1] Though the docket reflects that Plaintiff *filed* this document, the document itself was not signed by Plaintiff.

[2] The administrative decision under review also includes the note that it appears that this date "was later changed to August 30, 2014, the day after a previous Administrative Law Judge Decision." (AR 20).

request for review. This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

### A. Expiration of Coverage

As a threshold matter, to qualify for disability insurance benefits, a social security claimant must have accumulated sufficient quarters of coverage to be insured for disability insurance benefits as of the alleged onset date. 42 U.S.C. § 423(a), (c). "[T]he claimant must establish that he was disabled before the expiration of his insured status." *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012). Here, Plaintiff initially alleged an onset date of January 1, 2003, which was later amended to August 30, 2014. (AR 19, 20, 56). The ALJ found that Plaintiff's date last insured was December 31, 2002, and denied his application for disability insurance benefits because he did not meet the insured status requirement.

The ALJ's determination of Plaintiff's date last insured is supported by substantial evidence. As the ALJ noted, Plaintiff had not worked since 2005, last earned a quarter of coverage in 2004, and last earned four quarters of coverage in a year in 2002. (AR 19). Plaintiff's earnings record in the administrative record supports the ALJ's factual determination that expiration of

Plaintiff's disability insurance coverage on December 31, 2002, occurred before both the initially alleged onset date (January 1, 2003) and the amended alleged onset date (August 30, 2014). (*See* AR 64).

Further, the documentation supplied with Plaintiff's memorandum—and which Plaintiff's representative asks the Court to use as superseding versions of documents in the administrative record—supports ALJ Scales's determination that Plaintiff's date last insured was December 31, 2002. (*See* Mem. 6, ECF No. 19 (listing "DIS DLI [Date Last Insured] 12/02")). Accordingly, there is no basis on which to overturn ALJ Scales's finding that Plaintiff's coverage expired before his alleged onset date and the conclusion that Plaintiff is, therefore, not entitled to disability insurance benefits.

### B. Other Matters

In the opening memorandum filed in this case,[3] errors are asserted against another ALJ's decision issued on a prior application for benefits, but that is not the decision properly before the Court for review. That decision, issued by ALJ Naggi, is dated August 29, 2014. Plaintiff's arguments regarding ALJ Naggi's decision could have been brought by filing a civil action in federal court for review. *See* 20 C.F.R. § 404.981. When no such action is filed, the ALJ decision becomes binding. *Id.*

Reference is also made in the memorandum to an application for benefits filed on July 26, 2004. Though Plaintiff now appears to assert that he does not know what became of this 2004 application, his representative told the Social Security Administration that the application was denied. (*See* Mem. 10, ECF No. 19). Plaintiff, in reply, calls his representative's statement erroneous and interprets the absence of the 2004 application and the proceedings on it in the current

---

[3] Though the brief should have been signed by Plaintiff, it was not. Instead, it was signed by Stephen Weinstein, who represented Plaintiff at the administrative level in regard to a prior application.

court record as proof that the Social Security Administration took no action on the 2004 application. This argument was raised in the proceeding before ALJ Naggi, (*see* Mem. 9-13, ECF No. 19), who rejected the argument on *res judicata* grounds (AR 25-26). Again, this cause of action does not provide Plaintiff a means by which to challenge ALJ Naggi's decision, which became binding when Plaintiff did not file a case in federal court during the permitted time frame.

Ultimately, even if the Court were to find Plaintiff's argument's regarding ALJ Naggi's decision persuasive, it would not change the fact that, on the application for benefits that began the administrative process that led to the ALJ decision now before the Court for review, Plaintiff's alleged onset date is after his date last insured, so Plaintiff is not entitled to disability insurance benefits. *See* 42 U.S.C. § 423(a).

These additional arguments made by Plaintiff (or his non-attorney representative) do not provide grounds on which to overturn ALJ Scales's decision.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief sought in Plaintiff's Memorandum [DE 19] and **AFFIRMS** the final decision of the Commissioner of Social Security.

SO ORDERED on March 4, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

cc:     Plaintiff, pro se